**Luciano VILLELA–MORENO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–71119.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 23, 2005.

R.App. P. 34(a)(2).

Jesse J. Banuelos, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Paul Fiorino, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: REINHARDT, RYMER, and HAWKINS, Circuit Judges.

This disposition is not appropriate for publication and may not be cited to or by the

MEMORANDUM **

Luciano Villela–Moreno ("Petitioner"), a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from a decision of an immigration judge and reiterating its previous order finding him ineligible for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo constitutional claims, *Torres–Aguilar v. INS,* 246 F.3d 1267, 1270–71 (9th Cir.2001), and we deny the petition for review.

■ To the extent Petitioner makes a due process challenge to the standard the BIA used to determine that he failed to demonstrate "exceptional and extremely unusual hardship," this challenge fails because the BIA's interpretation of the hardship requirement comports with the statutory language and congressional intent. *See* 8 U.S.C. § 1229b(b)(1)(D); *Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1004–06 (9th Cir.2003).

■ To the extent Petitioner makes a due process challenge on the grounds that he should have been allowed to submit additional evidence of hardship, the challenge fails because Petitioner has never indicated what kind of additional evidence he would offer. We therefore have no basis for concluding that "the outcome of the proceeding may have been affected by the alleged violation." *Reyes–Melendez v. INS.,* 342 F.3d 1001, 1006 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

courts of this circuit except as provided by 9th Cir. R. 36–3.